EMILY J. PLUMER *vs.* LYDIA LORD.

Under articles of agreement signed by a married woman, her husband, and several other persons, reciting that she and one of the others have taken a lease of certain manufacturing works, and providing that she shall furnish a certain amount of capital, at eight per cent., and that her husband shall devote his whole time to the business of manufacturing and selling the articles, and making special provisions as to the duties and rights of the others, and further providing that " she or her husband, as they two may decide or agree, shall receive one half of the net profits of the concern," her husband is a partner in the firm; and she, therefore, is not a partner, and is not liable upon a promissory note given in the name of the firm.

CONTRACT upon a promissory note for $3000, dated June 16, 1858, signed J. H. Lord & Co., and payable to the order of the plaintiff, on demand, with interest.

At the second trial in the superior court, before *Russell*, J., after the decision reported in 5 Allen, 460, it appeared that the defendant is the wife of Joseph H. Lord, having been married to him in 1855, and that she then owned real and personal estate. The plaintiff put in evidence a written agreement, dated June 1, 1857, signed by the defendant, her husband, William Plumer, James H. Munroe and Frederick M. Lord, the material portions of which are as follows :

" Whereas Lydia Lord, wife of Joseph H. Lord, of Boston, and William Plumer of Lexington, have this day leased certain works at East Boston, known as the Boston Earthen Ware Manufacturing Company, to which lease reference is hereby made, and whereas said Lydia and William Plumer have made themselves liable for the rent thereof ; now therefore, in consideration of the premises, and for the full protection of all parties hereto, we, the undersigned, do covenant and agree mutually one with another in manner and form as follows, to wit:

" The parties hereto are Lydia Lord, Joseph H. Lord, William Plumer, James H. Munroe, and Frederick M. Lord, and their duties and obligations are as follows, to wit: The said Lydia Lord, as one of the lessees, shall have at all times the right to examine into the books of the concern, but shall not be made liable for any debts other than the rent aforesaid, and the amount

of the money furnished by her.　She shall furnish fifteen hundred dollars, on which sum said Lydia shall be paid eight per cent. per annum, payable semi-annually.　In addition thereto, she or her husband, Joseph H. Lord, as they two may decide or agree, shall receive one half of the net profits of the concern; but any money other than the interest aforesaid which may be paid to or received by said Joseph H. Lord shall be considered the same as if paid to said Lydia, and the amount of the same shall be deducted from her share of the net profits; but it is fully understood and agreed that said Joseph H. Lord shall at no time draw out of the concern any money whatever, other than for his own private expenses and for his sole use and benefit, and that only at the rate of one thousand dollars per annum; and in no case shall he make himself responsible for or pay the bills of any person or persons whatever; nor shall he at any time, unless with a written consent of said Lydia Lord and William Plumer, draw out during any one year a sum exceeding one thousand dollars, though nothing hereby agreed on shall prevent the said Lydia from receiving the full share of her net profits, less the amount received by said Joseph H. Lord.

" The said Joseph H. Lord shall give his whole time and attention to selling and the manufacturing of earthen ware, and all moneys received by him or any other party hereto from the sales of ware shall be paid to said James H. Munroe, and all moneys drawn out by him or other parties hereto shall pass through the hands of and be paid by the said James H. Munroe to the party receiving the same. . . . . . .　If the said Joseph H. Lord shall in any way forfeit or neglect any of the above obligations or duties, he shall cease forthwith from having any connection with the business whatever."

The agreement contained certain provisions respecting the duties and rights of the other signers thereof, the prosecution of the business, and the compensation and share of the profits to which they were respectively to be entitled, which are now immaterial.

The plaintiff also put in evidence another agreement in writing, dated March 1, 1858, signed by the defendant, Munroe, and

Margaret F. Plumer, and executed in presence of the other sign-
ers of the former agreement, admitting said Margaret as a mem-
ber of " the firm of J. H. Lord & Co.," and referring to the former
agreement as establishing a firm under that name.

The judge instructed the jury that under these written agree-
ments " the defendant was a partner, and her husband was not
a partner or so connected with the concern as to prevent her
from becoming a partner and being liable for the debts of the
concern; and that she was and must be taken by the jury to be
a partner, and liable for the debts of the firm, whatever the con-
nection of her husband with the firm was, and notwithstanding
his name was thus used in the firm, and however he was held
out or allowed to hold out himself."

Many other questions arose at the trial, which are now imma-
terial. The jury returned a verdict for the plaintiff, and the
defendant alleged exceptions.

*A. A. Ranney*, for the defendant.

*J. H. Wiggins*, for the plaintiff.

MERRICK, J. Under the instructions of the presiding judge
that, upon the written agreement, the defendant was to be con-
sidered as a member of the firm of J. H. Lord & Co., the jury
returned a verdict for the plaintiff. Two written instruments
had been put in evidence upon the trial, dated respectively June 1,
1857 and March 1, 1858. But as the legal effect as well as the
obvious purpose of the latter was merely to constitute Margaret
F. Plumer a partner with those who signed and executed the
former, it must have been the agreement of June 1, 1857, to
which the instructions referred. The agreement is not in the
form of regular articles of copartnership, but it contains the
covenants and stipulations of the parties with each other in ref-
erence to the business which was afterwards carried on by them
under the name and firm of J. H. Lord & Co. It is, therefore,
necessary to resort to its provisions to ascertain whether the
defendant was one of the partners who transacted business
under that name.

The object and purpose of the parties in associating with each
other were the manufacture and sale of earthen ware. The

agreement recites that for this purpose the defendant and William Plumer had taken a lease of the works of the Boston Earthen Ware Manufacturing Company, and had become responsible for the rent thereof. It then proceeds to set forth how, in what manner, by whom and for whose benefit the business shall be conducted and pursued; and it specifies with care and particularity the contributions which are to be made by the several parties in conducting the enterprise. Some of them are to furnish capital, and others are to render their personal services, and provision is made for payment for the services rendered and for the distribution of the anticipated profits of the business. Among other stipulations not necessary now to be considered, it is a part of the contract that the defendant shall advance and pay to the treasurer the sum of fifteen hundred dollars, to be used and employed in the conduct of the business and for the general benefit of the company; and that her husband, Joseph H. Lord, shall give his whole time and attention to the manufacture and sale of the articles of earthen ware expected to be produced. And it is then further provided that the defendant, for the fifteen hundred dollars to be advanced and furnished by her, shall be paid at the rate of eight per cent. per annum thereon; and it is also provided that the defendant or her husband, the said Joseph H. Lord, as they two shall agree, " shall receive one half of the net profits of the concern." This constituted him a partner in the business; for he had no other compensation for his whole time and attention which he was to devote to it. And he had a direct right to an interest in the profits which might be made, as it depended upon his will not less than upon that of the defendant how the one half of the net profits should be divided, and to whom the amount thereof should be paid. The whole of it might under this arrangement come directly to him. In the actual prosecution of the business he was particularly prominent, and there is no doubt that he was, in fact, a member of the copartnership. It is also equally certain that, when the agreement was prepared and executed by the several parties, it was expected and intended that the defendant should also be one of the partners and a member of the firm. But she was

not legally competent to unite herself with her husband in such a relation ; for upon the settled construction of all the statutes of this commonwealth enlarging the powers which married women possessed by the common law, they have no legal capacity to join or become members of a copartnership formed and carried on for the purpose of trade and business, of which their husbands are members. *Lord* v. *Parker*, 1 Allen, 127. *Lord* v. *Davison*, Ib. 131. *Edwards* v. *Stevens*, Ib. 315. *Ingham* v. *White*, 4 Allen, 412. *Plumer* v. *Lord*, 5 Allen, 460. As Joseph H. Lord, the husband of the defendant, was a member of the firm of J. H. Lord & Co., it is an unavoidable consequence that she could not also be a member of the same firm, into whatever stipulations she might formally enter in relation to it. All such stipulations were necessarily invalid and inoperative. The instructions which were given to the jury were therefore predicated upon an erroneous interpretation of the agreement of June 1, 1857, and were consequently incorrect. This conclusion being decisive against the right of the plaintiff to recover in this action, and showing that no action can be maintained against the defendant upon any contract made by the firm of J. H. Lord & Co., it is unnecessary to consider any of the other questions arising upon the report. *Exceptions sustained.*